United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE TAITANO and ROBERT TAITANO,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.18-cv-03924-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 43 |

Defendant Wells Fargo Bank, N.A. moves to dismiss plaintiffs Marianne Taitano and Robert Taitano's second amended complaint. *See* Dkt. No. 43. Plaintiffs fail to allege material violations for their California Homeowner Bill of Right ("HBOR") claims and their breach of the implied covenant of good faith and fair dealing claim is not plausible. Accordingly, the Court GRANTS Wells Fargo's motion to dismiss.

**I.    Procedural History and Allegations in the Second Amended Complaint**

On November 5, 2018, the Court granted Wells Fargo's motion to dismiss Plaintiffs' first amended complaint with leave to amend. *See* Dkt. No. 13. Plaintiffs filed their second amended complaint on November 30, 2018. *See* Dkt. No. 37.

On December 3, 2018, Plaintiffs filed an ex parte application for a temporary restraining order, seeking to enjoin a trustee's sale of their home scheduled to take place the next morning. *See* Dkt. No. 38. The Court granted Wells Fargo leave to respond. *See*

Dkt. No. 39, 40. On December 4, 2018, the Court denied Plaintiffs' application because they only raised serious questions going to the merits of one of their claims and the balance of hardships did not tip sharply in their favor. *See* Dkt. No. 41.

Wells Fargo now moves to dismiss Plaintiffs' second amended complaint. *See* Dkt. No. 43. Plaintiffs' second amended complaint largely mirrors their first amended complaint and adds the following allegations:

- Plaintiffs requested that Wells Fargo assign a single point of contact in August 2017 (*see* Dkt. No. 37 ¶¶ 17, 52);
- For their initial loan modification application, Plaintiffs submitted a hardship letter, tax returns, paystubs, bank statements, and an IRS Form 4506-T (*see id.* ¶¶ 20, 42); and
- Plaintiffs' Deed of Trust required them to make monthly payments on their loan and Wells Fargo's wrongdoing related to the loan modification process hindered or prevented their ability to make payments (*see id.* ¶¶ 77–78).

The second amended complaint also omits Plaintiffs' previous Unfair Competition Law claim. *Compare id. with* Dkt. No. 13. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. No. 5, 11.

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

## III. Discussion

### A. Dual-Tracking

Plaintiffs again allege that Wells Fargo violated the HBOR's prohibition against dual-tracking their mortgage.

California law prohibits mortgage servicers from "record[ing] a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending" or within 30 days of the written denial of the application. Cal. Civ. Code §§ 2923.6(c), (d).[1] Mortgage servicers are only required to process a single lien loan modification application "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." Cal. Civ. Code § 2923.6(g).

If a HBOR violation is material, borrowers may request injunctive relief to prevent a foreclosure sale. Cal. Civ. Code § 2924.12(a)(1). A violation is material if it affects the borrower's loan obligations or disrupts the loan modification process. *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869–70 (N.D. Cal. 2017) (collecting cases). If a foreclosure sale has already occurred, borrowers may seek "actual economic damages" for a material violation if "the violation was not corrected and remedied prior to" the sale.

---

[1] In the Court's previous November 5, 2018, order granting Wells Fargo's prior motion to dismiss, the relevant dual-tracking statute was Cal. Civ. Code § 2924.11, which became effective on January 1, 2018. *See* Dkt. No. 33 at 4. That statute expired on December 31, 2018, and the relevant dual-tracking provisions were moved to § 2923.6. *Compare* Cal. Civ. Code § 2924.11(a) (2018) *with* Cal. Civ. Code § 2923.6(c) (2019).

3

Cal. Civ. Code § 2924.12(b). If the violation was "corrected and remedied prior to" the foreclosure sale, mortgage servicers are no longer liable. Cal. Civ. Code § 2924.12(c).

Plaintiffs' first loan modification application was submitted in early September 2017, where they represented that their monthly income had increased from $3,449 to $6,970. SAC ¶¶ 20–21. According to Plaintiffs, Wells Fargo recorded a Notice of Trustee's Sale on September 21, 2017. *Id.* ¶ 23. Wells Fargo apparently had not yet acted on Plaintiffs' application. *See id.*

Assuming this was an instance of impermissible dual-tracking, the violation was not material. As Plaintiffs' complaint makes clear, the foreclosure sale scheduled as a result of the September 21, 2017, Notice of Trustee's sale was postponed and Plaintiffs made a second loan modification application on October 24, 2017. *See* SAC ¶¶ 24–26. That application was submitted on October 24, 2017, and denied on November 22, 2017. *See* SAC ¶¶ 29, 31–32. Thus, Wells Fargo's alleged dual-tracking did not disrupt Plaintiffs' loan modification process and the violation is not material.

As for the second loan modification application made on October 24, 2017, Plaintiffs' second amended complaint is unclear whether it was completed. *See* Cal. Civ. Code § 2923.6(h) ("an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer"). Plaintiffs fail to allege whether they supplied Wells Fargo with all documents required. *See* SAC ¶¶ 27–29. Even if the Court assumes, however, that Plaintiffs completed their application and Wells Fargo improperly denied that application,[2] the foreclosure sale scheduled for June 22, 2018 (*see id.* ¶ 34) was again postponed (*see* Dkt. No. 38 (Plaintiffs' ex parte application for temporary restraining order enjoining December 4, 2018 foreclosure sale). Any dual-tracking violation stemming from their October 24, 2017, application is therefore immaterial.

---

[2] Plaintiffs SAC implies that Wells Fargo ignored or discounted documents showing that their monthly income had increased since their September 21, 2017, application. *See id.* ¶¶ 26 (alleging that their October application showed a monthly income of $8,100), 32 (alleging that Wells Fargo claimed Plaintiffs' monthly income was $6,970).

4

Finally, Plaintiffs allege no facts suggesting that they were entitled to another loan modification application after the November 22, 2017, denial or that they made such an application. *See* Cal. Civ. Code § 2923.6(g) (mortgage servicers need not consider multiple applications "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application"). Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' claim under Cal. Civ. Code § 2923.6(c).

### B. Single Point of Contact

Plaintiffs' second and third claim allege that Wells Fargo failed to provide a single point of contact in violation of the HBOR.

Upon receipt of a loan modification application, mortgage servicers must "promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The appointed single point of contact has certain responsibilities. Cal. Civ. Code § 2923.7(e). As relevant here, those responsibilities include:

> (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any [and]
>
> (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

Cal. Civ. Code §§ 2923.7(b)(4), (5). As with the prohibition against dual-tracking, remedies are only available if the violation is material and was not cured. Cal. Civ. Code §§ 2924.12.

First, Plaintiffs' claim under § 2923.7(b)(5) is undermined by their own allegations and representations in this case. According to Plaintiffs, foreclosure proceedings were postponed on at least two occasions. Specifically, Plaintiffs' home was initially scheduled for sale on October 26, 2017. *See* SAC ¶ 24. After Plaintiffs spoke with LaFleur, that sale was postponed and another foreclosure sale was scheduled for June 22, 2018. *See id.* ¶¶ 25–26, 34. The June 22, 2018, sale was also postponed to December 4, 2018. *See* Dkt.

No. 38. Evidently, Plaintiffs "ha[d] access to individuals with the ability and authority to stop foreclosure proceedings when necessary" given that foreclosure proceedings were indeed halted at least twice.

Next, Plaintiffs failed to allege sufficient facts to state a claim under § 2923.7(b)(4) that their assigned single point of contact did not ensure that they were considered for all foreclosure prevention alternatives. Plaintiffs' only allegation in support of this claim is a single statement that the November 28, 2017, correspondence from Wells Fargo denying loan modification only explicitly referenced Wells Fargo's short sale program and proprietary fixed-rate modification program. *See* SAC ¶¶ 33, 73. That correspondence, however, also indicated that they were considered for "[o]ther assistance options." *Id.* Plaintiffs allegation that they were not "seemingly reviewed for any other home retention options" is not, standing alone, sufficient to state a plausible claim for relief. *Id.*; *see Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' second and third claims under Cal. Civ. Code § 2923.7.

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' final claim alleges that Wells Fargo breached the implied covenant of good faith and fair dealing by "unreasonably stringing out the loan modification application process, inducing Plaintiffs to reapply for a modification, rather than making their payment under the loan." SAC ¶ 78.

As explained in the Court's prior order, California law implies a covenant of good faith and fair dealing in every contract. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 996–97 (9th Cir. 2002) (citing *Carma Developers (Cal.) v. Marathon Dev. Cal.*, 2 Cal. 4th 342, 372–73 (1992)). But the implied covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004)

(internal citation omitted); *see also Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract . . .").

In its prior order, the Court dismissed this claim because Plaintiffs identified no express term of a contract with Wells Fargo that entitled them to a loan modification. Plaintiffs now allege that the Deed of Trust requires Plaintiffs to make monthly payments on their loan. *See* SAC ¶ 77. Under the implied covenant, Plaintiffs reason, Wells Fargo could not "do any acts to hinder or prevent Plaintiffs from making their payments." *Id.* Thus, according to Plaintiffs, when Wells Fargo unreasonably applied the loan modification process, it "induc[ed] Plaintiffs to reapply for a modification, rather than making their payment under the loan" and therefore breached the implied covenant of good faith and fair dealing. *Id.* ¶ 78.

Plaintiffs' claim fails for two reasons. First, the implied covenant of good faith and fair dealing "cannot impose substantive duties or limits" beyond the specific terms of the agreement. *Agosta*, 120 Cal. App. 4th at 607. Plaintiffs do not allege that the Deed of Trust, or any other contract between them and Wells Fargo, requires Wells Fargo to allow Plaintiffs to apply for loan modification. Thus, Wells Fargo's alleged failure to reasonably apply their loan modification process cannot constitute a breach of the implied covenant of good faith and fair dealing.

Second, Plaintiffs fail to allege any facts that show Wells Fargo "hinder[ed] or prevent[ed] Plaintiffs from making their payments." SAC ¶ 77. Rather, their opposition suggests that they ceased to make or fell behind in making payments *before* Wells Fargo offered loan modification. *See* Dkt. No. 45 at 13 ("[A]fter falling behind in mortgage payments, Plaintiffs diligently attempted to become current in loan terms through a loan modification . . .").[3] Plaintiffs' complaint does not adequately allege facts to explain or

---

[3] The fact that Plaintiffs failed to make timely payments on their mortgage may be grounds for dismissal of this claim. *See Rosenfeld v. JPMorgan Chase Bank*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (second element for a breach of the implied covenant claim is that the plaintiff fulfilled his obligations under the contract).

7

allow the Court to plausibly infer that the loan modification process prevented Plaintiffs from making their mortgage payments.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' breach of the implied covenant of good faith and fair dealing claim.

### D. Amendment of the Complaint

Amendment of Plaintiffs' HBOR claims under Cal. Civ. Code §§ 2923.6(c) and 2923.7(b)(5) appears futile. Plaintiffs' dual-tracking claim cannot be saved because foreclosure proceedings have been repeatedly denied after Plaintiffs submitted repeated loan modification applications. Likewise, Plaintiffs' single point of contact claim under § 2923.7(b)(5) is undermined by their own allegations. In addition, Plaintiffs' second amended complaint was based on largely the same facts as their prior complaints. Ordinarily, dismissal without leave to amend is justified if amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532.

However, at the January 16, 2019, hearing on Wells Fargo's motion to dismiss, Plaintiffs' counsel indicated that recent changes to California law may affect Plaintiffs' claims and, if the Court granted the motion to dismiss, leave to amend should be granted to allow Plaintiffs to address those changes. After reviewing the change in California law, the Court is not convinced that the recent changes affect the viability of Plaintiffs' claims.

As far as the Court can tell, the recent changes to California law "reenact[ed] various provisions of the California Homeowner Bill of Rights" that were repealed on January 1, 2018. S.B. 818, 2017–2018 Reg. Sess. (Cal. 2018). As relevant here, the dual-tracking prohibition found in former Cal. Civ. Code § 2924.11 was repealed and a near-identical prohibition was enacted at §§ 2923.6(c) *et seq.* S.B. 818 also reenacted pre-2018 law requiring mortgage servicers to process multiple loan modification applications if the borrower could show a material change in their monthly income. *See* Cal. Civ. Code § 2923.6(g). No relevant changes appear to have been made to § 2923.7.

Nonetheless, Plaintiffs have not had the opportunity to address this issue. Accordingly, Plaintiffs may file a third amended complaint. The amended complaint may

8

not add any claims or parties without further leave of the Court. If Plaintiffs are unable to state a claim on their fourth try, dismissal will be with prejudice.

### IV. Conclusion

The Court GRANTS Wells Fargo's motion to dismiss with leave to amend. Plaintiffs must file their amended complaint by **February 15, 2019**, or the Court will terminate the case and enter judgment. The amended complaint may not add any claims or parties without further leave of the Court.

**IT IS SO ORDERED.**

Dated: January 15, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge